# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **VERGEL JOSEPH BAUTISTA,** | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. CIV 19-169-RAW-KEW |
| **SCOTT CROW, DOC Director,** | ) ) ) |
| Respondent. | ) |

## OPINION AND ORDER

This matter is before the Court on Respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. 8). Petitioner is a pro se prisoner in the custody of the Oklahoma Department of Corrections who currently is incarcerated at Davis Correctional Facility in Holdenville, Oklahoma. He is attacking his conviction and sentence in Muskogee County District Court Case No. CF-2014-1025 for First Degree Burglary (Count 1), Grand Larceny (Count 3), and Knowingly Concealing Stolen Property (Count 4).

Respondent has filed a motion to dismiss the petition, alleging Petitioner has ongoing post-conviction proceedings in the state courts, and one of Petitioner's habeas claims is unexhausted (Dkts. 8, 9). The record shows Petitioner's direct appeal of his conviction was affirmed by the Oklahoma Court of Criminal Appeals (OCCA) on June 1, 2017, in Case No. F-2016-197 (Dkt. 9-1). On June 6, 2018, Petitioner filed an application for post-conviction relief in the Muskogee County District Court (Dkt. 9-2), which was denied on October 23,

2018 (Dkt. 9-3). The OCCA affirmed the denial on March 29, 2019, in Case No. PC-2018-1219 (Dkt. 9-6).

Respondent alleges that on January 31, 2018, Petitioner filed an application for post-conviction relief for appeals out of time in six Muskogee County cases, including Case No. CF-2014-1025, which is the subject of this habeas petition. The record, however, indicates the post-conviction action was filed in Case Nos. CF-2008-597, CF-2008-804, CF-2008-867, CF-2009-47, CF-2009-365, and CF-2014-528 (Dkt. 9-7).[1] Respondent asserts these prior convictions were used to enhance Petitioner's conviction in Case No. CF-2014-1025 (Dkt. 9 at 8). The January 31, 2018, post-conviction application only mentions Case No. CF-2014-1025 as the cause of the sentence revocations in the other cases (Dkt. 9-7 at 6-7, 14). Thus, the post-conviction application did not directly concern Case No. CF-2014-1025. On June 28, 2019, however, an attorney entered his appearance in Case No. 2014-1025.

The records of the OCCA show that on October 7, 2019, the Muskogee County District Court entered an Order Denying Petitioner's Application for Post-Conviction Relief in Case Nos. CF-2008-597, CF-2008-804, CF-2008-867, CF-2009-047, and CF-2009-365.[2] The Order concerned Petitioner's claims that (1) he was denied an appeal through no fault

---

[1] The application erroneously listed Muskogee County District Court Case No. CF-2008-864 as one of Petitioner's convictions. Subsequent filings list Case No. CF-2008-867 instead of 2008-864. In addition, "CF-2008-528" actually was CM-2008-528. The Court takes judicial notice of the public records of the Oklahoma State Courts Network at http://www.oscn.net. *See Pace v. Addison*, No. CIV-14-0750-HE, 2014 WL 5780744, at *1 n.1 (W.D. Okla. Nov. 5, 2014).

[2] CM-2014-528 was not included in the Order.

of his own, (2) he was denied effective assistance of trial counsel because of a conflict of interest, and (3) there was incompetent evidence to revoke him from Drug Court. The OSCN indicates appeals are pending in the respective cases.

Among other things, Respondent argues in his motion to dismiss that pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), this Court should abstain from ruling on the habeas petition because of the ongoing post-conviction actions in the state court. Federal courts are required to avoid interference with pending state criminal prosecutions, "except under extraordinary circumstances, where the danger of irreparable loss is both great and immediate." *Younger v. Harris*, 401 U.S. 37, 45 (1971). The *Younger* doctrine is based "on notions of comity and federalism, which require that federal courts respect state functions and the independent operation of state legal systems." *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997) (citing *Younger*, 401 U.S. at 44-45). Under the doctrine established in *Younger*, abstention is appropriate whenever there exists (1) ongoing state proceedings, (2) which implicate important state interests, (3) wherein the state courts afford an adequate forum to present the applicant's federal constitutional challenges. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Taylor v. Jaquez*, 126 F.3d 1294, 1297 (10th Cir. 1997), *cert. denied*, 523 U.S. 1005 (1998).

Petitioner has filed a response to Respondent's motion to dismiss, asserting that "[a]s long as he is not sacrificing any right to appeal, and the tolling clock will be held in abeyance while his unresolved issues are addressed at a state level, he concedes to the state's motion

to dismiss his habeas [action] until such time as the state courts have fully and properly addressed the issues presented in his post-conviction appeal." (Dkt. 10 at 1). The Court, however, cannot guarantee that a subsequent habeas petition would be timely under 28 U.S.C. § 2244(d).

Under § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review *with respect to the pertinent judgment or claim* is pending [is] not counted toward any period of limitation," 28 U.S.C. § 2244(d)(2) (emphasis added). Respondent has not addressed whether the time spent in post-conviction proceedings for separate but related convictions, such as Petitioner's pending post-conviction appeals, would be subject to tolling.

Respondent cites two cases from the Western and Northern Districts of Oklahoma in support of his request for the Court to abstain from ruling on this habeas petition pursuant to *Younger*. In *Mills v. Bryant*, No. CIV-15-619-D, 2015 WL 10765189, at *1-2 (W.D. Okla. June 12, 2015) (unpublished report and recommendation), the petitioner filed a habeas petition challenging two convictions, while two post-conviction applications for the two convictions were pending in the state district court. The Magistrate Judge found that abstention was appropriate, because the post-conviction applications were pending, there was no indication the state-court forum was inadequate, and Oklahoma had "an important interest in enforcing its criminal laws through criminal proceedings in the state courts. *Id*. at *2 (quoting *Green v. Whetsel*, 166 F. App'x 375, 376 (10th Cir. 2006)). Further, the petition "[did] not allege

4

any bad faith, harassment, or other extraordinary circumstances." *Mills*, 2015 WL 10765189, at *2. The District Judge subsequently found that because the post-conviction proceedings had been resolved, *Younger* abstention no longer was required. *Mills*, 2016 WL 1734102, at *1 (W.D. Okla. Apr. 29, 2016) (unpublished).

The second case cited by Respondent is *Miller v. Trammell*, No. 14-CV-541, 2015 WL 4666286 (N.D. Okla. Aug. 6, 2015) (unpublished). The petitioner in *Miller* filed a habeas petition before his resentencing proceedings were completed in the state district court. *Id*. at *1. Thus, his convictions and sentences were not final when the habeas action was considered by the federal court. *Id*. Applying the *Younger* analysis, the district court concluded the court was required to abstain. *Id*. at *2.

After careful review, the Court finds the two cited cases regarding *Younger* abstention are distinguishable from Petitioner's situation, and Respondent has not addressed the differences. In both *Mills* and *Miller*, the pending post-conviction proceedings were directly related to the convictions under attack in the respective habeas petitions. In Petitioner's case, however, the post-conviction proceedings are not challenges to his conviction in CF-2014-1025.

Respondent also argues that because the pending post-conviction proceedings are unexhausted, the Court should dismiss this habeas action. The Court, however, is concerned that dismissal could result in a time bar for a subsequent habeas petition. Therefore, the Court finds this action should be stayed pending resolution of the post-conviction

5

proceedings. To keep the Court apprised of the progress of his post-conviction proceedings, Petitioner is directed to notify the Court within fourteen (14) days of the Oklahoma Court of Criminal Appeals' decision regarding his pending post-conviction appeal.

**ACCORDINGLY**, Respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus (Dkt. 8) is DENIED, and a STAY AND ABEYANCE of the proceedings is hereby entered. Petitioner is directed to notify the Court within fourteen (14) days after the state district court issues its decision for his pending post-conviction application.

**IT IS SO ORDERED** this 3rd day of February 2020.

Ronald A. White
United States District Judge
Eastern District of Oklahoma